Filing # 80887965 E-Filed 11/15/2018 08:16:17 PM

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>2018-038485-CA-01 |
|---|---|---|
| **PLAINTIFF(S)**<br>Innova Investment Group, LLC | **VS. DEFENDANT(S)**<br>Village of Key Biscayne | **SERVICE**<br>JB #2145 |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s) Village of Key Biscayne
Village Hall
88 West McIntyre Street
Key Biscayne, FL 33149

11/21/18
11:50a CLOCK IN

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Matthew Estevez

whose address is: 9600 NW 25th Street, Suite 2A, Doral, FL 33172

within 20 days * **Except when suit is brought pursuant to s. 768.28, Florida Statutes, If the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK of COURTS | /s/ [signature]<br>219401<br>DEPUTY CLERK | DATE<br>11/19/2018 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

IN THE CIRCUIT COURT OF THE 11TH<br>
JUDICIAL CIRCUIT IN AND FOR<br>
MIAMI-DADE COUNTY, FLORIDA

INNOVA INVESTMENT GROUP, LLC,

    Plaintiff,

vs.

CASE NO.

VILLAGE OF KEY BISCAYNE,

    Defendant,

_____/

## COMPLAINT

Plaintiff, INNOVA INVESTMENT GROUP, LLC (hereinafter the "Property Owner"), by and through its undersigned counsel sues the above-captioned defendant and alleges as follows:

## VENUE & JURISDICTION

1. This is an action to quiet title pursuant to Chapter 65, Florida Statutes, and for other relief requested herein.

2. Property Owner is a limited liability company organized and existing under the laws of the State of Florida.

3. Defendant is a municipal entity located in Miami-Dade County, Florida.

4. This Court has jurisdiction pursuant to §65.021, Florida Statutes and this venue is proper because the real property at the center of this action is located in Miami-Dade County, and the cause of action accrued in Miami-Dade County.

5. Property Owner is the record owner of the real property located within Miami-Dade each County, Florida at 100 SUNRISE DR, UNIT: 1, Key Biscayne, FL 33149-2186and more particularly described as:

Unit No. 1, SUNRISE CLUB CONDOMINIUM, according to the Declaration of Condominium thereof, as recorded in Official Records Book 25488, Page 643, of the Public Records of Miami-Dade County, Florida

Folio Number: 24-5205-075-0010

(hereinafter the "Subject Property").

## COUNT I: QUIET TITLE

6. Property Owner re-alleges paragraphs 1 through 5 above, as though fully set forth herein.

7. This is also an action to quiet title to the Subject Property pursuant to Chapter 65, Florida Statutes.

8. This Court has jurisdiction over this matter pursuant to Chapter 65, Florida Statutes, and § 68.04, Florida Statutes.

9. Property Owner deraigns its title to the Subject Property for the past 7 years as follows:

> Pablo Gonzalez conveyed title to Innova Investment Group, LLC via Quitclaim Deed dated January 24, 2011, and recorded in Official Records Book 27812 at Page 0899, of the Official Records of Miami-Dade County, Florida. A true and correct copy of said warranty deed is attached hereto as **Exhibit A**.

10. After Plaintiff became the record owner of the Subject Property, the Village of Key Biscayne recorded an Order Imposing Civil Penalties, which was recorded on January 25, 2012 in official records book 27973 at page 0782 -784 of the official records of Miami-Dade County, Florida. **Exhibit B.**

11. The lien exceeds the limits established under Key Biscayne Administrative Code Article III, Section 2.42. The lien also violates Section 162.09, Florida Statutes, which contains a limit of $250 per day.

12. The lien placed by Village of Key Biscayne contains a fine of $500 per day, which is in excess of what is lawfully permitted.

13. Upon information and belief, the lien constituted a means by which Village of Key Biscayne generated revenue from purchasers of real property, like Plaintiff, in the same condominium association in which Plaintiff's unit is located.

14. Upon information and belief, the Village of Key Biscayne made it a practice to levy unlawful and excessive violations against purchasers of real property in said condominium association in order to procure favorable settlements from those hapless purchasers.

15. The Village of Key Biscayne exaggerated daily fines in order to induce parties to settle for seemingly lower amounts. In reality, the settlement offers were based on grossly exaggerated and unlawful amounts.

16. The lien of the Village of Key Biscayne against Plaintiff's property is excessive and unlawful.

17. As such, the lien is also unenforceable.

18. Any and all claims, rights, title or interest of Village of Key Biscayne to the Subject Property vis-à-vis the attached lien are unenforceable against the Property Owner and its successors in title, as their interests may appear.

19. Property owner is the true record owner of the Subject Property and the legal and equitable owner thereof and, as such, is entitled to have its title to the Subject Property quieted and confirmed by the Court under the provisions of Chapter 65, Florida Statutes.

20. All things have been done and all times elapsed and all events have occurred to vest in Property Owner true and good title to the Subject Property.

**WHEREFORE**, Plaintiff, INNOVA INVESTMENT GROUP, LLC, respectfully demands entry of a judgment declaring that Plaintiff has fee simple title to the Subject Property, and to have clear title thereto established, quieted and confirmed in Plaintiff and the supposed claims, rights, title, interest, liens and estates of each of the Defendants creating a cloud on title to the Subject Property be cancelled, removed and forever quieting title in Plaintiff and those claiming under him since the commencement of the action, and any such other and further relief this Court deems just and proper.

### COUNT II: STATUTORY ACTION FOR FILING FALSE DOCUMENTS UNDER SECTION 817.535 OF THE FLORIDA STATUTES

21. Property Owner re-alleges paragraphs 1 through 19 above, as though fully set forth herein.

22. This is an action against VILLAGE OF KEY BISCAYNE authorized under Section 817.535 of the Florida Statutes.

23. Defendant recorded a lien that contains a materially false, fictitious, or fraudulent statement or representation in that the instrument does not establish a legitimate property or lien interest in favor of the Village of Key Biscayne in violation of Section 817.535, Florida Statutes. A copy of the lien is attached hereto as **Exhibit B.**

24. There is no basis in law for the excessive amount of the lien.

25. Village of Key Biscayne is aware that the lien is excessive and unlawful and refuses to release the lien.

26. The recording of the lien was done with intent to defraud or harass.

27. Specifically, the recording was done to extract settlements from parties not willing to assert their rights against Defendant.

28. Upon information and belief, the Village of Key Biscayne engaged in a scheme to inflate liens in violation of Florida law.

29. The scheme was part of an effort to extract settlements from purchasers of real property, like Plaintiff.

30. The Plaintiff seeks a civil penalty of $2,500 against the Defendant provided for under Section 817.535(8)(b)(2), Fla. Stat.

31. The Plaintiff seeks all such relief deemed just and proper provided under Section 817.535(8)(b)(3), Fla. Stat., including an order striking the lien from the official records of Miami-Dade County and sanctioning those parties involved in its recording.

32. Plaintiff seeks reasonable attorney fees and costs provided for under Section 817.535(8)(c), Fla. Stat..

**WHEREFORE**, Plaintiff, INNOVA INVESTMENT GROUP, LLC, respectfully demands entry of a judgment against VILLAGE OF KEY BISCAYNE, and granting any relief provided for under Section 817.535, Florida Statute as articulated above and in the afore-referenced statute, including recovery of reasonable attorney fees and costs.

/s/ Matthew Estevez

Matthew Estevez, Esq.
Fla. Bar No.: 027736
Matthew Estevez, P.A.
*Counsel for Plaintiff*
9600 NW 25th Street, 2A
Doral, FL 33172
Telephone: (305) 846-9177
Designated Email: mse@mattestevez.com

```
CFN 2011R0588371
OR Bk 27812 Ps 0B99! (1ps)
RECORDED 09/01/2011 14:15:54
DEED DOC TAX 0.60
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE
```

Prepared by and return to:
Nicolas Camino
Nicolas Camino P.A.
1110 Brickell Av, Suite 317
Miami, FL 33131

File Number:
Will Call No.:

_____(Space Above This Line For Recovering Data)_____

## Quit Claim Deed

This Quit Claim Deed made this 24 day of January, 2011 between Pablo J. Gonzales., a Single Man, whose post office address is 1903 Ferdinand St Coral Gables, Fl 33134 grantor, and, Innova Investment Group LLC, a Florida Limited Liability Company whose post office address is 16900 NE 19 AV North Miami Beach, FL 33162, grantee:

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

Witnesseth, that said grantor, for and in consideration of the sum TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, does hereby remise, release, and quitclaim to the said grantee, and grantee's heirs and assigns forever, all the right, title, interest, claim and demand which grantor has in and to the following described land, lying and being in Miami-Dade County, Florida to-wit:

Unit No. 1, SUNRISE CLUB CONDOMINIUM, according to the Declaration of Condominium thereof, as recorded in Official Records Book 25488, Page 643, of the Public Records of MIAMI DADE County, Florida.

Parcel Identification Number: 24-5205-075-0010

To Have and to Hold, the same together with all and singular the appurtenances thereto belonging or in any wise appertaining, and all the estate, right, title, interest, lien, equity and clam whatsoever of grantors, either in law or equity, for the use, benefit and profit of the said grantee forever.

In Witness Whereof, grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivery in our presence:

_____ (Seal)
Witness Name: ANA OSANO              Pablo J. Gonzalez
_____
Witness Name:

[Notary seal: A. NICOLAS BRAVO-CAMINO, Commission DD 774014, Expires April 29, 2012]

State of Florida
County of Miami-Dade

The foregoing instrument was acknowledged before me this 24 day of January, 2011 by Pablo J. Gonzalez, a single man who [ ] is personally known or [X] has produced a driver's license as Identification.

**EXHIBIT A**

```
CFN 2012R0052977
OR Bk 27973 Pss 0782 - 784; (3pgs)
RECORDED 01/25/2012 09:23:17
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
```

This instrument prepared by and
after recording return to:
Alexander L. Palenzuela
Weiss Serota Helfman
Pastoriza Cole & Boniske, P.L.
2525 Ponce de Leon Blvd., Ste. 700
Coral Gables, FL 33134

## CODE ENFORCEMENT BOARD OF SPECIAL MAGISTRATES
## OF THE VILLAGE OF KEY BISCAYNE

VILLAGE OF KEY BISCAYNE,    CASE NO.  9737

Petitioner,

vs.

INNOVA INVESTMENT GROUP, LCC,

Respondent.
_____/

### ORDER IMPOSING CIVIL PENALTIES

This cause was brought before the Board of Code Enforcement Special Magistrates ("Board") of the Village of Key Biscayne ("Village") on January 6, 2012, upon timely appeal of the Civil Violation Notice ("Citation"). The Board having heard the arguments of the parties, and considered the evidence presented, hereby enters the following Findings of Fact and Conclusions of Law and orders as follows:

#### Findings of Fact

1. Citation 9737 alleges that Respondent, Innova Investment Group, LLC, ("Violator"), as the owner of the property described below is in violation of Section 105.1 of the Florida Building Code, as incorporated in the Village Code, by not obtaining proper permits for an interior demolition and remodeling, including plumbing, mechanical, electric, and framing; requires the Violator to correct said violations by October 10, 2011; and requires the Violator to pay civil penalties of $4,000.

2. The violations, which are the subject of this proceeding, occurred on real property located at 100 Sunrise Drive, Unit 1, Key Biscayne, FL 33149 ("Property") and legally described as:
    Unit 1, of SUNRISE CLUB CONDOMINIUM, according to the Declaration of Condominium thereof, as recorded in Official Records Book 25488, Page 643, of the Public Records of Miami-Dade County, Florida.

Certified Copy
Village of Key Biscayne

EXHIBIT B

3.  A re-inspection of the Village records revealed that the Violator is not in compliance with the Citation by failing to pay the civil penalties and by failing to correct the violations as provided in the Citation.

### Conclusions of Law

4.  The Violator is responsible for the violations of the Village Code by not obtaining permits for an interior renovation which involved all four trades and required demolition and building permits for each trade.

### Order

It is, therefore, ORDERED:

5.  The decision of the Code Enforcement Officer is affirmed.

6.  The deadline of October 10, 2011 to obtain the permits in the Citation was reasonable and more than sufficient time to pass final inspection on the permits has elapsed.

7.  The Violator shall pay initial civil penalties of $4000 as well as the Village's administrative costs of $250 within 30 days of the date of this order.

8.  The Violator shall correct the violation by applying for, obtaining and passing final inspection on all required after-the-fact building permits within 60 days of the date of this order. If the Violator does not comply with the deadline in this paragraph, it shall pay continuing civil penalties of $4000 per day.

9.  **It is the responsibility of the Violator to contact the Code Enforcement Officer to request an inspection of Village records and of the Property, as applicable, to determine compliance with this Order.**

10.  A certified copy of this order may be recorded in the Public Records of Miami-Dade County, Florida, and shall constitute notice to any subsequent purchasers, successors in interest, or assigns if the violation concerns real property, and the findings therein shall be binding upon the Violator and, if the violation concerns real property, any subsequent purchasers, successors in interest or assigns. Once recorded, a certified copy of this order shall constitute a lien against the property upon which the violation exists and upon any other real or corporate property owned by the Violator until judgment is rendered in a suit to foreclose, or to enforce, this order. This lien shall accrue interest at the maximum legal rate.

DONE AND ORDERED at the Village of Key Biscayne, Miami-Dade County, Florida, on this 18th day of January, 2012.

2

OR BK 27973 PG 0784
LAST PAGE

CODE ENFORCEMENT SPECIAL MAGISTRATE FOR THE VILLAGE OF KEY BISCAYNE, FLORIDA

_____
Code Enforcement Special Magistrate

PURSUANT TO SECTION 2-44 OF THE VILLAGE CODE, AN APPEAL OF THIS ORDER MAY BE FILED IN THE CIRCUIT COURT IN MIAMI-DADE COUNTY, FLORIDA, WITHIN THIRTY DAYS OF THE FILING OF THIS ORDER.

## CERTIFICATE OF FILING AND SERVICE

I HEREBY CERTIFY that the original of this order was filed with the Clerk of the Board on this _18th_ day of January, 2012 and that, on the same date, a true and correct copy of the foregoing was served by certified mail, return receipt requested, and by first class mail to Innova Investment, LCC, c/o Fernando Bravo, 1110 Brickell Ave, Ste. 317, Miami FL 33131 (return receipt number: 7010-1060-0000-1444-7186) and by electronic mail to ferbravocamino@hotmail.com.

_____
Teal Kawana
Code Enforcement Officer

3