UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-22540-GAYLES/OTAZO-REYES

**INNOVA INVESTMENT GROUP, LLC**,

    Plaintiff,

v.

**VILLAGE OF KEY BISCAYNE**,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Village of Key Biscayne's Motion to Dismiss Third Amended Complaint (the "Motion") [ECF No. 23]. The Court has reviewed the Motion and the record, heard oral argument on the Motion, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is granted.

### BACKGROUND[1]

This action stems from civil penalties imposed by Defendant Village of Key Biscayne against a property owned by Plaintiff Innova Investment Group, LLC, for code violations.

**I.  The Citation**

Plaintiff is the record owner of a 562-square-foot property located at 100 Sunrise Drive, Unit 1, Key Biscayne, Florida (the "Property"). The current market value of the Property is $251,000.00 according to the County Property Appraiser. Plaintiff also owns several other properties in Miami-Dade County, Florida. Defendant cited the Property because of a failure to

---

[1] As the Court is proceeding on a motion to dismiss, it accepts Plaintiff's allegations in the Third Amended Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

obtain the proper permits for an interior demolition and remodeling, in violation of Section 105.1 of the Florida Building Code and as incorporated in the Village of Key Biscayne's Administrative Code (the "Citation").[2] The Citation required Plaintiff to correct the violation by October 10, 2011, and pay a civil penalty of $4,000.00.

## II.   The Code Enforcement Board's Order

On January 6, 2012, Defendant's Board of Code Enforcement Special Magistrates (the "Board") held a hearing on Plaintiff's timely appeal of the Citation. On January 18, 2012, the Board affirmed the Citation in a written order (the "Order"), noting Plaintiff's failure to timely correct the violation or pay the civil penalty. The Board required Plaintiff to: (1) pay the initial civil penalty of $4,000.00, as well as administrative costs, within 30 days of the Order and (2) correct the violation "by applying for, obtaining[,] and passing final inspection on all required after-the-fact building permits" within 60 days of the Order. [ECF No. 20-1]. Plaintiff's failure to comply with the Order would result in Plaintiff "continuing [to pay] civil penalties of $4000 per day." *Id.* Following the Code Enforcement Special Magistrate's signature, the Order states in bold type that "**AN APPEAL OF THIS ORDER MAY BE FILED IN THE CIRCUIT COURT IN MIAMI-DADE COUNTY, FLORIDA, WITHIN *THIRTY DAYS* OF THE FILING OF THIS ORDER.**" *Id.* (emphasis added).

On January 25, 2012, Defendant recorded the Order in the public records and the Order became a lien pursuant to Florida Statute § 162.09(3).[3] Plaintiff did not comply with the Order, which resulted in Defendant imposing daily fines, as well as interest, between March 19, 2012,

---

[2] Neither party specifies the date of the Citation or the violation that resulted in the Citation.
[3] Florida Statute § 162.09(3) states in pertinent part that "[a] certified copy of an order imposing a fine . . . may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists and upon any other real or personal property owned by the violator." Fla. Stat. § 162.09(3).

and November 4, 2012. The fines and interest total $2,195,774.97[4] and consist of $924,000.00 in daily fines[5] and $1,271,774.97 in interest.[6] On November 5, 2012, Plaintiff cured the code violation on the Property, but did not pay the related civil fines.

### III.  The "Help Me Howard" Segment

In July 2018, a local news channel aired a segment on a program titled "Help Me Howard" related to Defendant's fines on the Property, casting Defendant in a negative light. After the segment aired, Plaintiff attempted to redress its grievances through a petition. In retaliation for the segment, Defendant refused to meet with Plaintiff or its representatives.

### IV.  Procedural History

On November 14, 2018, Plaintiff filed this action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, against Defendant, including claims to quiet title and for filing false documents under Florida Statute § 817.535. [ECF No. 1-2]. On January 18, 2019, Plaintiff filed an Amended Complaint, [ECF No. 1-8], and on May 28, 2019, Plaintiff filed a Second Amended Complaint. [ECF No. 1-17]. On June 19, 2019, Defendant removed this action based on federal question jurisdiction as to Plaintiff's claims under 42 U.S.C. § 1983 and supplemental jurisdiction as to Plaintiff's request for declaratory relief. On October 18, 2019, the Court dismissed the Second Amended Complaint as a shotgun pleading. [ECF No. 18].

On November 7, 2019, Plaintiff filed its Third Amended Complaint bringing claims for: (1) Eighth Amendment Excessive Fines in violation of § 1983 (Count I); (2) First Amendment

---

[4] During the September 25, 2020, hearing, it came to the Court's attention that Defendant held a mitigation hearing on the fine, and subsequently entered a mitigation order that reduced the fine to $25,000.00. [ECF No. 35 at 28:6–10]. The mitigation order required Plaintiff to pay the reduced fine within 30 days or the fine would revert to the original amount. *Id.* Plaintiff failed to timely pay the reduced amount and thus the fines reverted to the higher amount. *See* [ECF No. 35 at 28:6–16; 33:3–10]. Neither party mentions these events in their briefing and the Court does not consider it in its analysis.
[5] The fine is $4,000.00 a day and spans 231 days. [ECF No. 20 at 2 ¶ 11].
[6] The maximum legal rate of interest is $455.67 per day and spans 2,791 days. [ECF No. 20 at 2 ¶ 12].

Right to Seek Redress in violation of § 1983 (Count II); (3) Fifth Amendment Takings Clause in violation of § 1983 (Count III); and (4) Declaratory Relief (Count IV). [ECF No. 20]. Plaintiff challenges the fine imposed against the Property and alleges that the daily rate of the fine is excessive and in violation of local, state, and federal law. Because the Order constitutes a lien, Plaintiff states that it is being depleted of its equity in the Property and other properties it owns in Miami-Dade County. On November 18, 2019, Defendant filed the instant Motion, and on September 25, 2020, the Court held a hearing on the Motion. [ECF No. 36].

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation and citation omitted).

As the Court proceeds on a motion to dismiss, its review is generally limited to the four corners of the Third Amended Complaint. *See Moreno v. Carnival Corp.*, --- F. Supp. 3d ---, No. 19-CIV-22900, 2020 WL 5524906, at *2 (S.D. Fla. Sept. 14, 2020) ("[T]he Court's review is generally confined to the four corners of the complaint . . . ."). However, when a plaintiff attaches documents as exhibits to the complaint, as Plaintiff does here, "the court may consider the contents of the exhibits even though they go beyond the specific allegations of the complaint." *Allegiance Healthcare Corp. v. Coleman*, 232 F. Supp. 2d 1329, 1331–32 (S.D. Fla. 2002) (citing Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("In deciding whether a complaint states a claim upon which relief may be granted, we normally consider all documents that are attached to the complaint or incorporated into it by reference.").

## DISCUSSION

Defendant seeks to dismiss the Third Amended Complaint on several grounds. As to Counts I, III, and IV, Defendant argues that (1) Plaintiff's claims are impermissible collateral attacks on a final administrative decision that Plaintiff failed to appeal and (2) Plaintiff's claims are time-barred. As to Count II, Defendant argues that Plaintiff's First Amendment claim lacks sufficient factual allegations. As to all counts, Defendant argues that Plaintiff fails to properly allege the required *Monell*[7] allegations. As detailed below, Counts I and III shall be dismissed with prejudice because they are collateral attacks and are time-barred; Count II shall be dismissed without prejudice for failure to meet the pleading standards; and Count IV shall be dismissed with prejudice because the underlying substantive claim cannot stand.

---

[7] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

## I. Count I (Eighth Amendment Excessive Fines) and Count III (Fifth Amendment Takings Clause)[8]

Counts I and III of Plaintiff's Third Amended Complaint fail for two reasons. First, each count is a collateral attack on a final administrative decision that Plaintiff failed to timely appeal to the appropriate state circuit court. Second, each count is time-barred.

### A. Counts I and III are collateral attacks on a final administrative decision.

Defendant argues that the Third Amended Complaint is an improper collateral attack on the Order because Plaintiff failed to appeal the Order within 30 days of its execution. Florida Statute § 162.11 states in pertinent part:

> An aggrieved party . . . may appeal a final administrative order of an enforcement board to the circuit court. Such an appeal shall not be a hearing de novo but shall be limited to appellate review of the record created before the enforcement board. An appeal shall be filed within 30 days of the execution of the order to be appealed.

Fla. Stat. § 162.11; *see also City of Fort Lauderdale v. Scott*, No. 10-CIV-61122, 2011 WL 3157206, at *5 n.8 (S.D. Fla. July 26, 2011) ("An aggrieved party may appeal any final administrative orders to state circuit court." (citing Fla. Stat. § 162.11)); *Brevard Cnty. v. Obloy*, 301 So. 3d 1114, 1117 (Fla. 5th DCA 2020) ("A party dissatisfied with an enforcement board special magistrate's order can either appeal that order or choose to be bound by it."). Section 162.11 "provides for a plenary appeal to the circuit court as a matter of right from a final administrative order of an enforcement board." *Cent. Fla. Invs., Inc. v. Orange Cnty.*, 295 So. 3d 292, 293 (Fla. 5th DCA 2019). "[W]hile the circuit court has appellate jurisdiction to entertain a timely appeal of a special magistrate's order . . . , it lacks procedural jurisdiction to otherwise

---

[8] Because Counts I and III are dismissed as being collateral attacks and time-barred, the Court does not address Defendant's arguments as to Plaintiff's failure to allege the *Monell* factors.

entertain a collateral attack upon that order concerning matters that could have been properly raised on appeal." *Brevard Cnty.*, 301 So. 3d at 1117 (citations omitted).

Here, Counts I and III are nothing more than collateral attacks on the Order that Plaintiff failed to timely appeal to the proper state circuit court. An inspection of the Order clearly indicates that Plaintiff had sufficient notice of its right to appeal, [ECF No. 20-1], and Plaintiff fails to provide an explanation as to why it did not do so. *See Manseau v. City of Miramar*, 395 F. App'x 642, 645 (11th Cir. 2010) (per curiam) ("Plaintiffs [] had the opportunity to appeal the final administrative decisions, but they chose not to do so. . . . We conclude that Plaintiffs' allegations show that they were afforded constitutionally-adequate process." (citations omitted)). Instead, Plaintiff attempts to artfully plead around its failure to appeal the Order by bringing constitutional claims under § 1983. However, "it is the facts and substance of the claims alleged, not the jurisdictional labels attached, that ultimately determine whether a court can hear a claim." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020) (citations omitted). "[L]ook[ing] beyond the labels to the underlying facts of the complaint," *id.* at 1310, Plaintiff's claims, at base, challenge Plaintiff's obligation to pay the civil penalties as ordered. Therefore, Plaintiff cannot plead around its failure to timely appeal the Order by couching its claims as constitutional violations. Accordingly, Counts I and III are dismissed with prejudice as improper collateral attacks on a final administrative order.

### B.     Counts I and III are time-barred.

Defendant also argues that Counts I and III must be dismissed because they are time-barred by the applicable statute of limitations. The Court begins by noting that Defendant's statute of limitations argument is generally considered an affirmative defense that cannot be raised in a motion to dismiss. *See, e.g.*, *Reisman v. Gen. Motors Corp.*, 845 F.2d 289, 291–92 (11th Cir. 1988)

("Under Florida law, the statute of limitations is an affirmative defense which cannot be raised in a motion to dismiss unless the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action. . . . Ordinarily, the question of when a person discovered or should have discovered that he had a cause of action is one of fact for the jury." (citations and internal quotation marks omitted)). However, where "the complaint affirmatively shows the conclusive applicability of such defense to bar the action," a court may consider the statute of limitations defense. *OJ Comm., LLC v. Ashley Furniture Indus., Inc.*, 359 F. Supp. 3d 1163, 1172 n.6 (S.D. Fla. 2018) (quoting *Conner, I, Inc. v. Walt Disney Co.*, 827 So. 2d 318, 319 (Fla. 5th DCA 2002)). As discussed below, the Third Amended Complaint and the exhibits attached affirmatively show that Counts I and III are time-barred.

"Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983." *Lovett v. Ray*, 327 F.3d 1181, 1882 (11th Cir. 2003) (per curiam) (quoting *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998)); *see also Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 872 (11th Cir. 2017) ("All constitutional claims brought under § 1983 are tort actions and, thus, are subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." (citation omitted)). A plaintiff "must bring a section 1983 claim arising in Florida within four years of the alleged unlawful . . . practice." *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 (11th Cir. 2002) (citing *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999)); *see also Cohen v. World Omni Fin. Corp.*, 751 F. Supp. 2d 1289, 1292 (S.D. Fla. 2010) ("The statute of limitations [in Florida] for plaintiff's claim under 42 U.S.C. § 1983 is four years."); Fla. Stat. § 95.11(3) (detailing actions which are subject to a four-year statute of limitation period).

"Federal law determines when the statute of limitations begins to run." *Lovett*, 327 F.3d at 1182 (citing *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996)). "Generally, 'the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Id.* (quoting *Rozar*, 85 F.3d at 561–62). The facts in this case point to four dates for which Plaintiff was or should have been aware of its rights: (1) January 18, 2012, when the Board affirmed the citation; (2) February 18, 2012, the end of the thirty-day period for Plaintiff to appeal the Order; (3) March 18, 2012, the end of the sixty-day period for Plaintiff to pay the civil penalties and correct the code violations; or (4) November 5, 2012, when Plaintiff states that it cured the code violation. Because Plaintiff filed this action in state court on November 14, 2018, [ECF No. 1-1], Counts I and III would be time-barred under any of the four dates. *Cf. Marshall v. Collier Cnty.*, No. 2:14-cv-479-FtM-38DNF, 2014 WL 6389715, at *3 (M.D. Fla. Nov. 14, 2014) (finding date of accrual to be the date that the code enforcement board entered its order against the plaintiff).

Plaintiff argues that the four-year statute of limitations resets every day because interest continues to accrue on the fine. Plaintiff's argument attempts to invoke the continuing violation doctrine, which "allows a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period." *Lee v. Eleventh Jud. Cir. of Fla.*, 699 F. App'x 897, 898 (11th Cir. 2017) (per curiam) (citing *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006) (per curiam)). "The critical distinction in the continuing violation analysis is whether the plaintiff complains of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." *Taylor v. Nix*, 240 F. App'x 830, 835 (11th Cir. 2007) (per curiam) (quoting *Lovett*, 327 F.3d at 1183). "The doctrine is based on the 'equitable notion that the statute

of limitations ought not to begin to run until facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." *Fla. Transp. Serv., Inc. v. Miami-Dade Cnty.*, 757 F. Supp. 2d 1260, 1270 (S.D. Fla. 2010) (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1222 (11th Cir. 2001) (per curiam)).

Plaintiff's claim that the recurring interest should be viewed as "a continuous state of violation of its rights dating back to the original unlawful administrative decision" is without merit. [ECF No. 24 at 8 ¶ 42]. Plaintiff specifically states that it cured the code violation on November 5, 2012. Moreover, the facts in this case reflect that the recurring nature of the interest applied to the fine is not because of a "continuous state of violation of [Plaintiff's] rights," but rather a continuing failure on Plaintiff's part to timely pay the fine. Thus, the daily application of interest to the fine does not create a new violation in and of itself. Rather, it is simply the "present consequence" of Plaintiff's failure to pay the fine for a violation that began in March 2012 and ended in November 2012.[9] Therefore, Counts I and III are also dismissed with prejudice as being time-barred.

## II.  Count II (First Amendment Right to Seek Redress)[10]

Plaintiff's First Amendment claim pursuant to § 1983 must be dismissed without prejudice because Plaintiff fails to adequately plead its claim. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law committed an act that deprived him of some right protected by the Constitution or laws of the United States." *Lindbloom v. Manatee Cnty.*, 808 F. App'x 745, 749 (11th Cir. 2020) (per curiam). In Count II, Plaintiff alleges

---

[9] Plaintiff references an incident in January 2018 in which Defendant would not provide a "partial release of lien . . . ." [ECF No. 20 at 4 ¶¶ 30–31]. However, this is outside of the statutory period for the violation, which ended in November 2012, and is again a "present consequence" of the violation.

[10] Count II is not time-barred because the incident that gave rise to the Plaintiff's First Amendment claim did not occur until July 2018. [ECF No. 20 at 4–5 ¶¶ 30–32].

generally that Defendant violated its First Amendment right to seek redress in retaliation for the embarrassing "Help Me Howard" television segment. [ECF No. 20 at 6 ¶¶ 38–45]. However, Plaintiff does not describe its attempts to contact or meet with Defendant or how Defendant has rebuffed Plaintiff's attempts to petition for redress. While Plaintiff incorporates the allegations from paragraphs 1–20 into Count II, those general allegations do not provide sufficient relevant facts to cure the defect. Therefore, Plaintiff's conclusory allegations do not satisfy basic pleading requirements. *See* Fed. R. Civ. P. 8(a). Plaintiff also fails to allege that Defendant had a custom or policy that caused the First Amendment violation, as required to state a claim under § 1983. *See Marantes v. Miami-Dade Cnty.*, 649 F. App'x 665, 672 (11th Cir. 2016). As Plaintiff fails to properly state a claim in Count II, it must be dismissed without prejudice.

### III.     Count IV (Declaratory Relief)[11]

Plaintiff brings Count IV under Florida's Declaratory Judgment Act, Fla. Stat. ch. 86, and suggests that the Court has the "power to construe [Plaintiff's rights] pursuant to Fla. Stat. § 86.021."[12] [ECF No. 1 at 10 ¶ 72]. However, Florida's Declaratory Judgment Act "is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights." *Coccaro v. Geico Gen. Ins. Co.*, 648 F. App'x 876, 881 (11th Cir. 2016) (per curiam) (citations omitted); *see also* Fla. Stat. § 86.011 ("The circuit and county courts have jurisdiction . . . to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed."). In a diversity case, "a court will apply federal law if the matter at hand is procedural, and will apply the law of the forum state if the matter is

---

[11] Because Count IV shall be dismissed with prejudice for the reasons discussed, the Court does not address Defendant's arguments as to Plaintiff's failure to allege the *Monell* factors.

[12] Section 86.021 states, in pertinent part, "[a]ny person claiming to be interested or who may be in doubt about his or her rights under a[n] . . . instrument in writing . . . may have determined any question of construction or validity arising under . . . [a] municipal ordinance . . . and obtain a declaration of rights, status, or other equitable or legal relations . . . . ." Fla. Stat. § 86.021.

substantive." *Id.* at 880 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Therefore, the Court will construe Count IV as attempting to state a claim for declaratory relief pursuant to 28 U.S.C. § 2201. *See Incredible Invs., LLC v. Fernandez-Rundle*, 984 F. Supp. 2d 1318, 1324 (S.D. Fla. 2013) ("For these reasons, we construe the claims based on Florida's Declaratory Judgment Act as an action for declaratory relief pursuant to the federal Declaratory Judgment Act found at 28 U.S.C. § 2201."); *Garden-Aire Vill. S. Condo. Ass'n Inc. v. QBE Ins. Corp.*, 774 F. Supp. 2d 1224, 1227 (S.D. Fla. 2011) ("Accordingly, count I will be construed as purporting to state a claim for relief pursuant to 28 U.S.C. § 2201." (citation omitted)).

> The federal Declaratory Judgment Act provides that:
>
> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). The party seeking declaratory relief pursuant to § 2201 must show, "at an 'irreducible minimum,' that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition." *Garden-Aire Vill. S. Condo. Ass'n Inc.*, 774 F. Supp. 2d at 1227 (quoting *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995)). "[T]he continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Incredible Invs., LLC*, 984 F. Supp. 2d at 1324 (quoting *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999)).

Because declaratory relief is a procedural mechanism, it "depends on an underlying substantive cause of action and cannot stand on its own." *Padilla v. Porsche Cars N. Am., Inc.*,

12

391 F. Supp. 3d 1108, 1119 (S.D. Fla. 2019) (quoting *Eveillard v. Nationstar Mortg. LLC*, No. 14-CIV-61786, 2015 WL 1127893, at *9 (S.D. Fla. Jan. 8, 2015)). Similarly, "actions for declaratory relief do not have their own statute of limitations," but rather "must be brought within the limitations period applicable to the substantive claim underlying the request for declaratory relief." *Rosenbaum v. Becker & Poliakoff, P.A.*, 08-CIV-81004, 2010 WL 376309, at *8 (S.D. Fla. Jan. 26, 2010) (citation omitted). Where all the "substantive claims have [] been dismissed, the claim for declaratory relief is also dismissed." *Padilla*, 391 F. Supp. 3d at 1119 (citing *Koski v. Carrier Corp.*, 347 F. Supp. 3d 1185, 1199 (S.D. Fla. 2017)).

Count IV of the Third Amended Complaint must be dismissed for two reasons. First, a closer review of Count IV shows that it is a rehashing of Plaintiff's Eighth Amendment Excessive Fines claim pursuant to § 1983 in Count I. As previously discussed, Count I is nothing more than a collateral attack on the Order Plaintiff failed to timely appeal to the appropriate state circuit court. As the underlying substantive claims in Count I are dismissed, Count IV must also be dismissed because it depends on the substantive claims in Count I and "cannot stand on its own." *Padilla*, 391 F. Supp. at 1119 (quoting *Eveillard*, 2015 WL 1127893, at *9); *see also id.* ("Since Plaintiffs' substantive claims have all been dismissed, the claim for declaratory relief is also dismissed." (citing *Koski*, 347 F. Supp. at 1199)). Second, because the underlying claim in Count I is time-barred by the applicable four-year statute of limitations period, Count IV is necessarily time-barred. *See Access Pictures, LLC v. Sony Pictures Home Ent., Inc.*, No. 16-CIV-20529, 2017 WL 3107202, at *7 (S.D. Fla. Feb. 21, 2017), *report and recommendation adopted*, No. 16-CIV-20529, 2017 WL 7735188 (S.D. Fla. Dec. 29, 2017) ("Here, the underlying substantive claim in the proposed amended complaint is the tortious interference claim previously discussed. The Undersigned found that the tortious interference claim is time-barred. Accordingly, because the

13

tortious interference claim is time-barred, the related declaratory judgment action is also time-barred."). Therefore, Count IV shall also be dismissed with prejudice.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) Defendant Village of Key Biscayne's Motion to Dismiss Third Amended Complaint, [ECF No. 23], is **GRANTED**;

(2) Counts I, III, and IV of Plaintiff Innova Investment Group, LLC's Third Amended Complaint, [ECF No. 20], are **DISMISSED with prejudice**;

(3) Count II of Plaintiff Innova Investment Group, LLC's Third Amended Complaint, [ECF No. 20], is **DISMISSED without prejudice**;

(4) Plaintiff may request leave to file a fourth amended complaint on or before **December 9, 2020**. Failure to do so will result in the Court dismissing this action *with prejudice*;[13] and

(5) This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida this 18th day of November, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[13] If Plaintiff wishes to amend its Third Amended Complaint, it must request leave to file a fourth amended complaint in a properly filed motion before the Court. *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request ffor leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (citation omitted)); *see also Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (per curiam) (stating that "[f]iling a motion is the proper method to request leave to amend a complaint," and in moving for leave to amend, a plaintiff must comply with Federal Rule of Civil Procedure 7(b) by either "set[ting] forth the substance of the proposed amendment or attach[ing] a copy of the proposed amendment").