UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-22540-CIV-GAYLES/OTAZO-REYES

INNOVA INVESTMENT GROUP, LLC,

    Plaintiff,

v.

VILLAGE OF KEY BISCAYNE,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Defendant Village of Key Biscayne's ("Defendant" or "Village") Verified Motion for Attorneys' Fees and Costs (hereafter, "Motion") [D.E. 60]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 67]. By agreement of the parties, the Motion was initially limited to entitlement [D.E. 64 at 3, 65 at 4]. Thus, the undersigned held a hearing on the Motion, as to the issue of entitlement only, on January 26, 2022 [D.E. 68, 69]. At the hearing, Plaintiff Innova Investment Group, LLC ("Plaintiff" or "Innova") agreed that Defendant may recover the $400 in costs it seeks as prevailing party in this action, pursuant to Fed. R. Civ. P. 54.[1] With regard to fees, however, the undersigned finds that Defendant is not entitled to recover them as prevailing party in this action. Therefore, the undersigned respectfully recommends that Defendant's Motion be GRANTED IN PART, as to costs only, and that the Motion be otherwise DENIED.

---

[1] The costs are limited to the filing fee, which is recoverable pursuant to 28 U.S.C. § 1920.

## PROCEDURAL BACKGROUND

Plaintiff commenced this action in state court with the filing of a Complaint asserting a claim to quiet title and a claim seeking damages for filing false documents under Fla. Stat. 817.535, which were based on the Village's imposition of a lien that allegedly exceeded the limits prescribed by the Village's administrative code on certain residential property owned by Innova (hereafter, "the Subject Property"). See Compl. [D.E. 1-3].

Plaintiff then filed a First Amended Complaint for Declaratory Relief, seeking a declaration "that Plaintiff has fee simple title to the Subject Property, and to have clear title thereto established, and confirmed in Plaintiff and [that] the claim of lien by Defendant creating a cloud on title to the Subject Property be declared cancelled, removed and forever quieted". See First Am. Compl. [D.E. 1-8 at 4].

Thereafter, Plaintiff filed a Second Amended Complaint, asserting a new claim for violation of 42 U.S.C. § 1983 ("Section 1983"), alleging that the lien on the Subject Property in the amount of $924,000 plus $1,091,332.60 in interest violated the Eighth Amendment of the United States Constitution as an excessive fine, the Fifth Amendment as a constructive taking, and the First Amendment as a retaliatory measure for the airing of a "Help Me Howard" segment in a local TV channel that cast the Village in an unfavorable light. See Sec. Am. Compl. [D.E. 1-17]. Plaintiff also asserted two claims for declaratory relief, challenging the constitutionality of Fla. Stat. § 162.09, which governs the imposition of administrative fines and liens by local enforcement boards. Id. at 9; Fla. Stat. § 162.09. On October 18, 2019, the Court dismissed the Second Amended Complaint as a shotgun pleading, with leave to file a Third Amended Complaint. See Paperless Order [D.E. 18].

In its Third Amended Complaint, Plaintiff asserted the following claims:

Count I:   Violation of 42 U.S.C. § 1983 – Eighth Amendment Excessive Fines.

  Count II:  Violation of 42 U.S.C. § 1983 – First Amendment Right to Seek Redress.

  Count III: Violation of 42 U.S.C. § 1983 – Fifth Amendment Takings Clause.

  Count IV: Declaratory Relief as to the lien on the Subject Property and Fla. Stat. § 162.09.

See Third Am. Compl. [D.E. 20].  On November 18, 2020, the Court dismissed Counts I, III and IV of the Third Amended Complaint with prejudice and Count II without prejudice.  See Order [D.E. 37].  The Court found that Counts III and IV failed because "each count [wa]s a collateral attack on a final administrative decision that Plaintiff failed to timely appeal to the appropriate state circuit court [and] each count [wa]s time-barred." Id. at 6.  With regard to Count IV, the Court found that it was "a rehashing of Plaintiff's Eighth Amendment Excessive Fines claim pursuant to § 1983 in Count I", which itself was subject to dismissal with prejudice.  Id. at 13.  The Court reasoned that, ["a]s the underlying substantive claims in Count I are dismissed, Count IV must also be dismissed because it depends on the substantive claims in Count I and 'cannot stand on its own.'" Id. (quoting Padilla v. Porsche Cars N. Am., Inc., 391 F. Supp. 3d 1108, 1119 (S.D. Fla. 2019)).

  On February 13, 2021, Plaintiff filed his Fourth Amended Complaint, asserting a single claim for: Violation of 42 U.S.C. § 1983 – First Amendment Right to Seek Redress.  See Fourth Am. Compl. [D.E. 45].  On April 30, 2021, the Court dismissed the Fourth Amended Complaint with prejudice, finding that Plaintiff had failed "to adequately plead its claim."  See Order [D.E. 56 at 4].  Plaintiff has filed a notice of appeal [D.E. 57].

## DISCUSSION

  In its Motion, Defendant argues that it is entitled to recover fees in this action pursuant to Fla. Stat. § 162.10, which provides, in pertinent part: "In an action to foreclose on a lien or for a money judgment, the prevailing party is entitled to recover all costs, including a reasonable attorney's fee, that it incurs in the action."  See Fla. Stat. § 162.10.  According to Defendant,

3

"Innova's action concerned a code enforcement lien, was for a money judgment, and the Village was the prevailing party." See Motion [D.E. 60 at 3]. However, as noted above, Plaintiff's initial pleadings in state court were not for a money judgment; rather, they sought to quiet title in the Subject Property. See Compl. [D.E. 1-3]; First Am. Compl. [D.E. 1-8].[2]

In its Third Amended Complaint, Plaintiff asserted three claims for violations of Section 1983, pursuant to the Eighth, First and Fifth Amendments of the United States Constitution, respectively. See Am. Compl. [D.E. 20]. While those claims were dismissed, the recovery of prevailing party fees under Section 1983 is governed by 42 U.S.C. § 1988 ("Section 1988"), which the Village has not invoked.[3] Rather, the Village argues that it entitled to fees under Fla. Stat. § 162.10 because Innova's federal claims "depended upon the alleged illegality of the [Village's] lien" and Plaintiff's claim for declaratory relief sought to "invalidate the lien". See Reply [D.E. 65 at 2]. However, the Village proffers no legal support for this novel argument other than its citation, at the hearing, of Moustakis v. City of Fort Lauderdale, 338 F. App'x 820 (11th Cir. 2009), which found that a pleading that alleges "a fine that falls within a range prescribed by the Florida Legislature. . . fails to allege a violation of the excessive fines clause of the Florida or United States Constitution, and thus fails to state a claim." Id. at 822. Nothing in Moustakis supports bypassing the scheme prescribed by Section 1988 for the Village's potential entitlement

---

[2] In its Complaint, Plaintiff also brought a claim seeking damages for the Village's alleged filing of false documents under Fla. Stat. § 817.535 [D.E. 1-3], which claim Plaintiff abandoned in its First Amended Complaint [D.E. 1-8]. In a footnote to its Motion, Defendant argues that it is indisputably entitled to recover the fees incurred in moving to dismiss that claim, but that "[t]he Village's entitlement under § 162.10 subsumes its entitlement under § 817.535(8)(c)." See Motion [D.E. 60 at 6 n.3]. The undersigned has reviewed that motion to dismiss and notes that only a short, two-paragraph section was devoted to arguing that Plaintiff's § 817.535 claim was time-barred [D.E. 1-6 at 6]. Thus, to the extent Defendant has not abandoned its fees claim under § 817.535(8)(c) by virtue of the foregoing footnote, the claim would be too small and difficult to ascertain to be compensable.

[3] Indeed, recovery of such fees by a defendant would require "a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Fox v. Vice, 563 U.S. 826, 833 (2011) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). The Village has made no such showing in its Motion. See Reply [D.E. 65 at 2] (arguing the inapplicability of Section 1988 to this case).

to prevailing party fees as to the Section 1983 claims asserted in Counts I, II and III of the Fourth Amended Complaint. Moreover, as to Count IV, the court dismissed that declaratory relief claim because it was "a rehashing of Plaintiff's Eighth Amendment Excessive Fines claim pursuant to § 1983 in Count I", see Order [D.E. 37 at 13], thereby making Section 1988 equally applicable to the potential recovery of prevailing party fees for that claim.

Thus, there is no basis for Defendant's claim that it is entitled to recover fees in this action pursuant to Fla. Stat. § 162.10. However, given Plaintiff's stipulation, Defendant may recover reasonable costs in the amount of $400, pursuant to Fed. R. Civ. P. 54 and 28 U.S.C. § 1920.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion [D.E. 60] be GRANTED IN PART by awarding to it costs in the sum of $400; and that the Motion be otherwise DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 31st day of January, 2022.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies to:

United States District Judge Darrin P. Gayles
Counsel of Record

...

Copies to:

United States District Judge Darrin P. Gayles
Counsel of Record